GEORGE FROST CO. v. E. B. ESTES & SONS.

(Circuit Court, D. Massachusetts. October 30, 1907.)

No. 389.

TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—IMITATION OF PATENTED ARTICLE.

Complainant, as exclusive licensee, manufactured a hose supporter having a rubber button for attachment to the hose which was protected by a patent, and advertised and sold its supporters under the trade-name of "Velvet Grip." Defendant made and sold wooden buttons or collets intended for similar use, colored in imitation of rubber, and used on hose supporters which were sold by dealers as rubber button supporters, and sometimes as "Velvet Grip" supporters. Held, that such sales constitut-

ed unfair competition, and that defendant was chargeable as a contributor thereto and would be enjoined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 78–86.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. On motion for preliminary injunction.

Fish, Richardson, Herrick & Neave, for complainant.
George C. Wing and George C. Wing, Jr., for defendant.

LOWELL, Circuit Judge. This is a bill in equity to restrain unfair competition. The complainant is the exclusive licensee under letters patent No. 552,470, issued to Gorton for an improvement in the button by which hose are attached to hose supporters. The feature of novelty contained in the patent, as stated by the Circuit Court of Appeals for the Second Circuit, resides only in the material of which the button is composed, viz., rubber. Geo. Frost Co. v. Cohn, 119 Fed. 505, 56 C. C. A. 185. The complainant has reserved for itself the exclusive use of that particular form of the Gorton invention wherein a rubber button with metal rivet is employed, and has established. a large manufacture and sale of hose supporters containing this button. "Velvet Grip" is the trade-name of these supporters. In advertising them, particular attention is directed by the complainant to the rubber button in question. The defendant is the maker of a wooden button or collet intended for use with a metal rivet like that employed by the complainant. This wooden collet is colored to imitate rubber, and the whole button is made in imitation of the complainant's. The evidence shows that hose supporters containing wooden buttons precisely like the defendant's are commonly sold for rubber button hose supporters, and, in some instances, have been sold specifically for "Velvet Grip" supporters. In both cases the public has been led to believe that it is getting the complainant's wares. I am satisfied that the defendant makes his collets for the purpose of aiding in this deception and unfair trade, and I hold that it should be enjoined from contributing to the wrong done the complainant. Tubular Rivet & Stud Co. v. O'Brien (C. C.) 93 Fed. 200, and cases there cited.

Motion for preliminary injunction allowed.

---

THE ASK.

(District Court, S. D. New York. October 21, 1907. On Motion to Amend Libel October 31, 1907.)

1. SHIPPING—VESSEL UNDER CHARTER—LIABILITY FOR DAMAGE TO CARGO.

The owner of a chartered vessel, which becomes unseaworthy on the voyage to the port of loading, but fails to report her disability on her arrival, in consequence of which a cargo is procured or prepared for shipment, is liable for the damage legally resulting to the charterer from such inability to take it or from delay in making repairs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 449.]